**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Security Insurance Company et al, <br><br>　　　　　Plaintiffs, <br><br>vs. <br><br>East Penn Manufacturing Company, et al. <br><br>　　　　　Defendants. | No. CV 12-01008-PHX-FJM <br><br>**ORDER** |

We have before us defendants Lowes Home Centers, Inc. and Lowes HIW, Inc.'s motion to dismiss (doc. 21) and motion to transfer venue (doc. 22), the parties' stipulated motion to change venue (doc. 26), and the parties' amended stipulated motion to change venue (doc. 28). The motion to dismiss and the motion to transfer venue have not been fully briefed, but are mooted by the amended stipulated motion.

Plaintiffs allege that on May 17, 2010 defendants negligently operated their vehicles causing a collision in the State of New York. Plaintiffs filed this action seeking damages arising from defendants' negligence. Defendants Lowes Home Centers, Inc. and Lowes HIW, Inc. filed a motion to dismiss for insufficient service of process and lack of personal jurisdiction (doc. 21). Defendants Lowes Home Centers, Inc. and Lowes HIW, Inc. also filed a motion to transfer venue to the United States District Court for the Western District of New York, pursuant to 28 U.S.C. § 1404(a) (doc. 22). The parties then filed a stipulated

1 motion to change venue, to amend plaintiff's complaint, to accept service for Christopher and
2 Jane Doe Sayman, and for discovery and mediation (doc. 26). Finally, they amended their
3 stipulated motion (doc. 28).

4 We may consider a motion for change of venue under 28 U.S.C. § 1404(a) without first
5 deciding whether we have personal jurisdiction over defendants. In Sinochem Int'l Co. v.
6 Malaysia Int'l Shipping Corp., 549 U.S. 422, 432, 127 S. Ct. 1184, 1192 (2007), the Court
7 held that a district court has discretion to consider the question of *forum non conveniens*
8 without first deciding whether it has personal jurisdiction. The Court permitted the
9 preliminary review of non-merits issues such as *forum non conveniens*, reasoning that
10 "[j]urisdiction is vital only if the court proposes to issue a judgment on the merits." Id. at
11 431, 127 S. Ct. at 1191-92 (quotation omitted). The same rationale applies to motions for
12 change of venue under 28 U.S.C. § 1404(a), which codified the *forum non conveniens*
13 doctrine, and like *forum non conveniens*, is a threshold, "non-merits ground for dismissal."
14 Id. at 432, 127 S. Ct. at 1192.

15 Pursuant to 28 U.S.C. § 1404(a), we may transfer any civil action to "any district or
16 division to which all parties have consented" for the convenience of parties and witnesses,
17 and in the interest of justice. We decide motions to transfer according to "an individualized,
18 case-by-case consideration of convenience and fairness." Stewart. Org. v. Ricoh Corp., 487
19 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988). We examine factors such as (1)
20 plaintiff's choice of forum, (2) the location where the claim arose, (3) the parties' respective
21 contacts with the forum, (4) the ease of access to sources of proof, and (5) the forum most
22 familiar with the governing law. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th
23 Cir. 2000).

24 Here, all parties have consented to the transfer of this civil action to the United States
25 District Court for the Western District of New York. Moreover, there is only a tenuous
26 connection between Arizona and the facts alleged in the complaint. Plaintiffs allege that the
27 property right of their subrogation claim is located in Scottsdale, Arizona. However, the
28 central facts underlying plaintiffs' claim (defendants' negligent operation of their vehicles) all

occurred in New York. Defendants reside in or close to New York. The Western District of New York has a substantial interest in this action because it involves a tort that took place in New York. Finally, the Western District of New York is more familiar with New York law. Therefore, based on the totality of the circumstances, we conclude that the balance of convenience and fairness weighs strongly in favor of transferring this action to the Western District of New York.

The parties' stipulated motion also seeks an order permitting plaintiffs to amend their complaint to remove defendant Lowes HIW Inc., to state the correct State of incorporation of Lowes Home Centers, Inc., and to add several party defendants. Plaintiffs have already amended their complaint once as a matter of course. However, under Rule 15(a)(2), a party may amend its complaint with an opposing party's written consent. Because defendants have consented to the amendments described in the parties' stipulated motion, we grant plaintiffs leave to amend their complaint.

Next, the parties seek an order that Christopher and Jane Doe Sayman have accepted service of plaintiffs' complaint. Parties may, of course, stipulate to, or waive service. They do not need our order.

Finally, the parties have asked us to enter the equivalent of a pretrial scheduling order. We decline to do so. At this stage, the parties have not appeared in this court for a Rule 16 scheduling conference, nor have they submitted a report under Rule 26(f). Once the case is transferred to the Western District of New York, the parties may request a scheduling order from that court.

**IT IS THEREFORE ORDERED GRANTING** the amended stipulated motion to change venue (doc. 28) and **TRANSFERRING** this case to the United States District Court for the Western District of New York. It is further **ORDERED DENYING** defendants' motion to transfer venue (doc. 22) on grounds of mootness.

**IT IS ORDERED GRANTING** plaintiffs leave to amend the complaint. It is further

1  **ORDERED DENYING** Lowes' motion to dismiss on grounds of mootness (doc. 21).

2  DATED this 30th day of October, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge